*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | |
|---|---|
| SUSAN L. M., | ) |
|  | ) |
|       **Plaintiff** | ) |
|  | ) |
| v. | )   No. 2:20-cv-00202-LEW |
|  | ) |
| KILOLO KIJAKAZI, | ) |
| *Acting Commissioner of Social Security,*[1] | ) |
|  | ) |
|       **Defendant** | ) |

**REPORT AND RECOMMENDED DECISION**[2]

In this unusual Social Security Disability (SSD) and Supplemental Security Income (SSI) appeal, the *pro se* plaintiff appeals from an order dismissing her request for an administrative hearing before an administrative law judge (ALJ) after she failed to appear at her scheduled hearing. *See* [Plaintiff's] Itemized Statement of Specific Errors and Fact (and Omissions) ("Statement of Errors") (ECF No. 26); Record at 14-16. For the reasons that follow, I recommend that the court affirm the dismissal.

**I. Background**

The plaintiff filed her application for SSD and SSI in the fall of 2017. *See* Record at 161-74. Her claims were denied at the initial level in December 2017 and upon reconsideration in February 2018. *See id.* at 62-65, 72-75. Thereafter, in April 2018, the plaintiff requested a hearing before an ALJ. *See id.* at 104-08.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the defendant in this matter.
[2] The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement.

The plaintiff appeared at a hearing on March 11, 2019, at which time the ALJ granted her request for a postponement to obtain counsel. *Id.* at 17, 20-24, 38-39, 143. The plaintiff signed an acknowledgment indicating, among other things, that she had to be prepared to proceed at the rescheduled hearing even if she failed to obtain representation and that, absent extraordinary circumstances, no further postponement would be granted for her to obtain representation. *See id.* at 143. At the conclusion of the hearing, the ALJ informed the plaintiff that if she did not attend her rescheduled hearing her "case would be dismissed." *Id.* at 41.

In May 2019, the ALJ sent the plaintiff a notice indicating that her hearing had been rescheduled to July 8, 2019. *Id.* at 144-54. On the first page of that notice, the ALJ warned the plaintiff again, "If you do not attend the hearing and I do not find that you have a good reason, I may **dismiss** your request for hearing. I may do so without giving you further notice." *Id.* at 144. On July 2, 2019, the plaintiff returned a form acknowledging receipt of the notice. *See id.* at 159. That form also warned, "YOUR REQUEST FOR HEARING MAY BE DISMISSED IF YOU DO NOT ATTEND THE HEARING AND CANNOT GIVE A GOOD REASON FOR NOT ATTENDING." *Id.* The form asked that the plaintiff check one of two boxes indicating whether she would or would not be present at the hearing; however, she left both boxes blank and requested a further postponement of her hearing, explaining:

> I am writing to respectfully request that you reschedule my hearing of July 8, 2019 at 2 p.m. in Portland, Maine. The reason I am requesting a new date is because I currently have a hearing scheduled for September 6, 2019 on a motion to modify (post-divorce motion) in Portland District Court. In that motion, one of the issues is in regard to child support. I want that motion heard and decided upon before I attend a disability hearing with you because I cannot have my disability benefits attached for child support until that hearing is concluded and that issue, among others, is resolved. Please respect my request. If you want me to fax you the copy of the hearing of September 6, 2019 for proof, please let me know and I will do so. Thank you.

*Id.* at 160.

Because the plaintiff's request was received on July 2, 2019, "only a few days before the scheduled hearing," the ALJ had his legal assistant call her that day "to explain to her that her postponement request was denied and that she was expected to appear at the Portland, Maine Hearing office for her disability appeal hearing before [him] or her case could be dismissed." *Id*. at 14. Nevertheless, the plaintiff did not appear at the scheduled hearing on July 8, 2019. *Id.* at 16.[3]

Following the plaintiff's nonappearance, the ALJ entered an order dated July 30, 2019, dismissing the plaintiff's request for a hearing based on his conclusion that she had not shown good cause for her failure to appear. *Id.* at 14-16. He elaborated,

> Based on the [plaintiff]'s explanation of a pending state family court matter scheduled for September 6, 2019, I do not find good cause has been established to reschedule the hearing again, because I find there is no legal barrier or prohibition for the disability hearing to go forward, even if there is a pending state family court matter which was scheduled several months into the future[,] and that the [plaintiff] requested the postponement because she felt if she was awarded benefits, that they would somehow be apportioned to her spouse in the upcoming divorce proceeding. First, child support obligations are under the jurisdiction of the state family court, whereas, eligibility for Social Security (SSA) disability benefits is under federal agency jurisdiction. Second, although the [plaintiff] does not want "my disability benefits attached for child support, until that [state family court] hearing is concluded" and other issues are resolved, the [plaintiff]'s preference for the order of these separate hearings is not sufficient good cause to postpone her SSA disability appeal hearing for a second time. Third, I granted a postponement on March 11, 2019, so the [plaintiff] could obtain a representative, which she has not done, and I also explained her rights and responsibilities in-person and in writing, regarding appearing at the next hearing or her case could be dismissed. The [plaintiff] acknowledged, in writing, that she understood the next hearing would proceed without a representative and <u>no further postponement would be granted</u>, absent extraordinary circumstances. I find a pending state family court matter[,]

---

[3] Although there is no independent record of the ALJ's denial on July 2, 2019, of the plaintiff's request for a further postponement, the assistant's phone call to the plaintiff that day apprising her of that denial, or the plaintiff's nonappearance at the scheduled July 8, 2019, hearing apart from the ALJ's recitation of those events in a subsequent order dismissing the plaintiff's request for a hearing, the plaintiff does not challenge that recitation in her statement of errors. "The general rule in this district long has been that any claim or issue not raised in a claimant's statement of errors is deemed waived." *Connor v. Colvin*, No. 1:13-cv-00219-JAW, 2014 WL 3533466, at *5 n.4 (D. Me. July 16, 2014).

> scheduled for a date in the future, does not meet the requirements of extraordinary circumstances or good cause.
>
> . . .
>
> The undersigned has considered the factors set forth in 20 CFR 404.957(b)(2) and 416.1457(b)(2) and finds that there is no good cause for the [plaintiff's] failure to appear at the time and place of hearing.[4]

*Id.* at 15-16 (citation omitted).

The Appeals Council denied the plaintiff's request for review of the ALJ's order of dismissal, *see id.* at 1-2, 6-10, making it the final determination of the commissioner, *see* 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989). Thereafter, the plaintiff filed this appeal. *See* Complaint in Social Security Appeal ("Complaint") (ECF No. 1).

After I granted several unopposed motions for extensions, this matter was scheduled for oral argument on September 15, 2021. *See* Social Security Oral Argument List (ECF No. 31). Shortly before that argument, however, the plaintiff moved for a 90-day continuance due to the death of her mother. *See* Plaintiff's Motion to Continue (ECF No. 32). I granted the plaintiff's motion and directed the Clerk's Office to place the case on the December 2021 oral argument list. *See* Order Granting without Objection Motion to Continue (ECF No. 33). Oral argument was rescheduled for December 14, 2021. *See* Social Security Oral Argument List (ECF No. 35).

On November 22, 2021, the plaintiff again moved for a 90-day continuance, citing car troubles and her recent eviction from her home as reasons she would be unable to appear at a video oral argument; she also requested an opportunity to file a reply to the commissioner's response to her statement of errors. *See* Plaintiff's [Second] Motion to Continue (ECF No. 36). I denied the plaintiff's motion on November 23, 2021, noting that although I was sympathetic to her

---

[4] 20 C.F.R. §§ 404.957(b)(2) and 416.1457(b)(2) direct an ALJ to consider, as part of determining whether good cause exists for a claimant's failure to appear, the claimant's physical, mental, educational, or linguistic limitations.

circumstances, oral argument was only 15 minutes per side, and she could participate via telephone if that would be easier for her. *See* Order Denying Motion to Continue (ECF No. 37). On the day of the scheduled argument, however, I vacated that order after finding no indication on the docket that the order was ever sent to the plaintiff. *See* Order Vacating Order on Motion to Continue (ECF No. 38). I rescheduled oral argument to January 5, 2022, and noted that I would not permit the plaintiff to file a written reply to the commissioner's response but that she could reply at oral argument. *See id.*; Loc. R. 16.3(a)(2)(B) (providing that no further briefing will be permitted after a plaintiff files her statement of errors and the commissioner files her opposition).

On January 5, 2022, the plaintiff sent an email to the Clerk's Office indicating that she would not attend any oral argument before March 2022, citing her slow computer connection, a previously scheduled cleaning job, and her desire to obtain counsel. I directed the Clerk's Office to let the plaintiff know that oral argument would go forward as scheduled and that I would not grant any further extensions. The plaintiff did not appear at oral argument that day. With the consent of the commissioner, I dispensed with oral argument and indicated that the court would decide the matter on the parties' briefs. *See* Loc. R. 16.3(a)(2)(F) ("The Court has the discretion to waive oral argument, either on its own, or at the request of one of the parties.").

## II. Discussion

### A. Reviewability Under Section 405(g)

In her answer to the plaintiff's complaint, the commissioner admitted that the plaintiff had exhausted her administrative remedies and that this court had jurisdiction for judicial review pursuant to 42 U.S.C. § 405(g). *See* Complaint ¶ 3; Answer of Defendant (ECF No. 19) ¶ 3.[5] In her opposition, however, the commissioner notes that she "has not yet determined . . . [her] position

---

[5] Although section 405(g) pertains to judicial review of SSD decisions, 42 U.S.C. § 1383(c)(3) provides that SSI decisions are "subject to judicial review as provided in section 405(g)[.]"

5

on judicial review of an ALJ's dismissal for failure to appear." Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 30) at 5. Nevertheless, she states that "[f]or purposes of this case," she "has elected not to invoke [section] 405(g) as a potential bar to judicial review and [has] accepted the Court's authority to review the ALJ's dismissal of Plaintiff's hearing request, but reserves the right to change [her] position in subsequent cases." *Id.*

Section 405(g) provides for judicial review of "any final decision" of the commissioner "made after a hearing[.]" 42 U.S.C. § 405(g). The Supreme Court has explained that this provision "contains two separate elements: first, a jurisdictional requirement that claims be presented to the agency, and second, a waivable requirement that the administrative remedies prescribed by the [commissioner] be exhausted." *Smith v. Berryhill*, 139 S. Ct. 1765, 1773 (2019) (alteration, citation, and internal quotation marks omitted). There is no dispute that the plaintiff's requests for a hearing, an initial postponement of that hearing, and a subsequent postponement of that hearing were presented to the agency, thereby satisfying the first requirement. As such, reviewability in this case turns on the second nonjurisdictional requirement of exhaustion.

Unlike the presentment requirement, a party's failure to exhaust all of the steps in the administrative process may be waived by the agency or excused by the courts. *See id.* at 1773-74. Thus, although it might be argued that the plaintiff has not met the literal requirements of section 405(g) because the order she challenges was not "made after a hearing," the Supreme Court has clarified that (1) "an ALJ hearing is not an ironclad prerequisite for judicial review[,]" *id.* at 1774, and (2) the commissioner may decide for purposes of a particular case not to challenge the sufficiency of a claimant's allegation of exhaustion, *see Weinberger v. Salfi*, 422 U.S. 749, 767 (1975). Because the commissioner has explicitly waived any challenge to the plaintiff's

exhaustion in this case, the requirements of section 405(g) for judicial review are satisfied, and this court may proceed to the merits of the plaintiff's appeal.  *See id*.

### B.  The ALJ's Order

In her statement of errors, the plaintiff mainly challenges the accuracy of certain documents contained in the administrative record.  *See* Statement of Errors.  Apart from contending that the ALJ listed the incorrect date on which she alleges her disability began, *see id.* at [1], the plaintiff does not identify any purported error in the ALJ's order of dismissal or otherwise challenge the grounds upon which his decision rests.[6]  In such circumstances, I agree with the commissioner that, even considering her *pro se* status, the plaintiff has waived any challenge to the ALJ's order of dismissal.  *See* Opposition at 7-8; *Connor*, 2014 WL 3533466, at *5 n.4 ("[A]ny claim or issue not raised in a claimant's statement of errors is deemed waived."); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (noting that a court's duty to be less stringent with *pro se* litigants does not require it to "conjure up" something from nothing).

In any event, I discern no error or abuse of discretion in the ALJ's denial of the plaintiff's second request for postponement or in his order dismissing the plaintiff's request for a hearing. The plaintiff's wish to avoid the potential attachment of the benefits she might have been awarded had she prevailed on her disability claims did not constitute good cause for her requested postponement or her failure to appear at her scheduled hearing, and she was repeatedly warned that her case would be dismissed if she failed to appear.  *See* 20 C.F.R. §§ 404.936(f)(1), 416.1436(f)(1) (providing that an ALJ "will find good cause to change the time or place" of a hearing if he or she determines that "[a] serious physical or mental condition or incapacitating injury makes it impossible for" a claimant to travel to the hearing, the claimant experiences "a

---

[6] Because the ALJ dismissed the plaintiff's request for a hearing and did not reach the merits of her claims, any error in his listing of her alleged onset date was harmless.

death in the family[,]" or "[s]evere weather conditions make it impossible for" the claimant travel to the hearing); *id.* §§ 404.936(f)(2), 416.1436(f)(2) (providing that an ALJ may also find good cause in other circumstances such as when a claimant needs additional time to secure a representative, the claimant's representative needs more time to prepare or is unavailable, a material witness is unavailable, the claimant lacks readily available transportation, or the claimant was unable to respond to the notice of hearing because of physical, mental, educational, or linguistic limitations); *id.* §§ 404.957(b)(1)(i), 416.1457(b)(1)(i) (providing that an ALJ may dismiss a request for a hearing when, among other things, a claimant does not appear "at the time and place set for the hearing and [the claimant has] been notified before the time set for the hearing that [her] request for a hearing may be dismissed without further notice if [she] did not appear at the time and place of hearing, and good cause has not been found by the [ALJ] for [her] failure to appear").

### III. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 23rd day of January, 2022.

                                              /s/ John H. Rich III
                                              John H. Rich III
                                              United States Magistrate Judge